1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES S. GRILL,                            No.  2:20-cv-641-TLN-JDP PS

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    THE UNITED STATES, and the U.S.D.A.
      DEPARTMENT OF AGRICULTURE,
15    FOREST SERVICE, and Does 1-20,

16              Defendants.

17

18         Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His

19    declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* ECF No. 2.

20    Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

21         Determining that plaintiff may proceed *in forma pauperis* does not complete the required

22    inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

23    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

24    which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

25    below, plaintiff's complaint potentially states a cognizable claim under the Quiet Title Act against

26    defendant United States, but his claim against defendant United States Department of

27    ───────────────────

28         [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
      undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                 1

1    Agriculture's Forest Service ("Forest Service") must be dismissed.

2          Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

3    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

4    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

5    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

6    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

7    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

8    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

9    relief above the speculative level on the assumption that all of the complaint's allegations are

10   true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable

11   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

12   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

13         Under this standard, the court must accept as true the allegations of the complaint in

14   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading

17   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a

18   complaint to include "a short and plain statement of the claim showing that the pleader is entitled

19   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

20   which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21         Plaintiff brings this action under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, against

22   defendants United States of America and the Forest Service. Liberally construed, the complaint

23   alleges that in 1992, plaintiff purchased real property located in Nevada County, California. The

24   property, which is surrounded by land owned by Forest Service, is allegedly accessible by an

25   easement that crosses over Forest Service land. Plaintiff alleges that the easement is established

26   under (1) Revised Statute 2477, (2) the Alaska National Interest Lands Conservation Act, 16

27

28

2

1    U.S.C. § 3101 *et seq*., and (3) the common law doctrine of easement by necessity.[2]  The Forest

2    Service previously granted plaintiff a special use permit to access to his property.  *Id*. at 3, 20.

3    Plaintiff claims, however, that the Forest Service subsequently revoked his permit and is denying

4    him access to his land.  *Id*. at 1, 4.

5         For purposes of screening, these allegations potentially state a cognizable claim against

6    the United States under the QTA.  *See* 28 U.S.C. § 2409a(d) (a complaint brought under the QTA

7    must set forth "the nature of the right, title, or interest which the plaintiff claims in the real

8    property, the circumstances under which it was acquired, and the right, title, or interest claimed

9    by the United States.").

10        Plaintiff, however, cannot maintain his QTA claim against the Forest Service.  The QTA

11   is the "exclusive means by which adverse claimants [can] challenge the United States' title to real

12   property," and the act waives sovereign immunity only as to the United States.  *Block v. North*

13   *Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983); *see* 28 U.S.C. § 2409a(a)

14   ("The United States may be named as a party defendant in a civil action under this section to

15   adjudicate a disputed title to real property in which the United States claims an interest.").  Thus,

16   the United States is the only proper defendant for plaintiff's QTA claim.  Accordingly, his claim

17   against the Forest Service must be dismissed without leave to amend.  *See Noll v. Carlson*, 809

18   F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to

19   amend, leave to amend should not be granted where it appears amendment would be futile).

20        Accordingly, it is hereby ORDERED that:

21        1.  Plaintiff's complaint alleges, for screening purposes, a potentially cognizable claim

22   under the Quite Title Act against defendant United States of America.

23        2.  The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of

24   the complaint, this court's scheduling order, and the forms providing notice of the magistrate

25        [2]  The complaint purports to allege three claims styled: (1) "Violation of Congressional

26   Railroad Grant Act of 1982," (2) Violation of Congressional RS 2477 Act of 1866," and (3)
     "Violation of the Congressional ANILCA Act of 1980."  ECF No. 1 at 10-12.  But each of

27   plaintiff's claims merely articulates a distinct theory for why plaintiff allegedly has an easement
     over land owned by the government.  Accordingly, the court construes the complaint as only

28   asserting one claim under the QTA.

3

1    judge's availability to exercise jurisdiction for all purposes.

2            3.  Plaintiff is advised that the U.S. Marshal will require:

3                    a.  One completed summons;

4                    b. One completed USM-285 form for defendant United States of America;

5                    c. A copy of the complaint for defendant United States of America, with an extra

6            copy for the U.S. Marshal; and

7                    d. A copy of this court's scheduling order and related documents for defendant.

8            4.  Plaintiff shall supply the United States Marshal, within 14 days from the date this order

9    is filed, all information needed by the Marshal to effect service of process, and shall, within 14

10   days thereafter, file a statement with the court that said documents have been submitted to the

11   United States Marshal.

12           5.  The U.S. Marshal shall serve process, with copies of this court's scheduling order and

13   related documents, within 90 days of receipt of the required information from plaintiff, without

14   prepayment of costs.  The United States Marshal shall, within 14 days thereafter, file a statement

15   with the court that said documents have been served.  If the U.S. Marshal is unable, for any

16   reason, to effect service of process on defendant, the Marshal shall promptly report that fact, and

17   the reasons for it, to the court.

18           6.  The Clerk of Court shall serve a copy of this order on the United States Marshal, 501

19   "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

20           7.  Failure to comply with this order may result in a recommendation that this action be

21   dismissed for failure to prosecute and/or comply with court orders.

22           Further, it is RECOMMENDED that plaintiff's claim against defendant Forest Service be

23   dismissed without leave to amend.

24           These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations, any party may file written

27   objections with the court and serve a copy on all parties.  Such a document should be captioned

28   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

4

1   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   Dated: October 5, 2020

4   _____
    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28