UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRILL,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>           Defendant. | Case No. 2:20-cv-00641-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 13<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff proceeds pro se with a Quiet Title Act ("QTA") claim against the United States, arguing that the government improperly terminated his right-of-way easement over a road that he used to access his property, an inholding surrounded by Tahoe National Forest land.[1]  ECF No. 1 at 1-2.  Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 13 at 1.  Defendant argues that plaintiff filed his complaint outside the time period permitted by the statute of limitations, and that his complaint lacks the required degree of particularity.  ECF No. 10 at 15-18.  I recommend that the court grant defendant's motion on

---

[1] Plaintiff identifies his property by providing its address, parcel numbers, and a map. ECF No. 1 at 2, 16.  The U.S. Forest Service was previously dismissed from this case.  ECF No. 15.

timeliness grounds.

## I. Background

In 1998, the U.S. Forest Service issued plaintiff a special use permit ("SUP"), which stated that it "hereby authorized" plaintiff to use specified "National Forest lands for the construction, reconstruction, maintenance, and use of a road" that would allow him "to gain vehicle access to private property."[2] ECF No. 1 at 20. The SUP stated that it covered a "right-of-way" and authorized plaintiff to construct a bridge and to bury a utility conduit. *Id.* It also addressed at least two ways in which the permit could terminate: First, the SUP specified that it "may be terminated or suspended upon breach of any of the conditions" therein. *Id.* at 22. Second, the SUP stated that, unless terminated earlier, it would "expire and terminate" on December 31, 2007—except that "if the permitee still needs the road for the purposes for which the permit is granted, the permit will be reissued for successive periods of 10 years." *Id.* at 23.

After obtaining the SUP, plaintiff submitted plans for a road upgrade and bridge construction to the Forest Service. *See id.* at 3-4. A correspondence ensued regarding issues relating to the SUP, including issues pertaining to the environmental review process for the bridge. Ultimately, the Forest Service took the position that the SUP had expired.

Plaintiff brought this suit on March 25, 2020, raising a claim under the QTA, 28 U.S.C. § 2409a. He alleges that he had a right-of-way easement and that the government "formally revoked and terminated" his easement via a letter on April 2, 2008.[3] *See id.* at 4. Defendant now moves to dismiss. ECF No. 10 at 8-24.

## II. Legal Standard

On a motion to dismiss for lack of subject-matter jurisdiction, the burden is on the party asserting jurisdiction to establish jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*,

---

[2] As part of a 1994 resolution of a suit brought by plaintiff's title insurance company, plaintiff agreed to apply for a special use permit. ECF No. 1 at 3. He attached a copy of the permit to his complaint. *Id.* at 20-28.

[3] Plaintiff identifies four legal bases that he claims give rise to his right-of-way easement: the common law doctrine of easement by necessity; the Railroad Grant Act; the Federal Land Policy and Management Act, 43 U.S.C. § 1761; and the Alaska National Interest Land Conservation Act ("ANILCA"), 16 U.S.C. § 3210. ECF No. 1 at 3-9.

511 U.S. 375, 377 (1994). Because the QTA waives the government's sovereign immunity, the Act itself limits the court's jurisdiction. *See Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). Accordingly, if a complaint is filed outside of the Act's statute of limitations, the court lacks jurisdiction and must dismiss. *Adams v. United States*, 255 F.3d 787, 796 (9th Cir. 2001).

### III. Discussion

The QTA's twelve-year statute of limitations begins to run when a plaintiff's right of action accrues, namely "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g); *see San Juan Cty., Utah v. United States*, 754 F.3d 787, 793 (10th Cir. 2014) (describing the requisite notice as the United States' expression "that it does not recognize (or will not continue to recognize) the legitimacy of a claimant's use of federal lands"); *Knapp v. United States*, 636 F.2d 279, 283 (10th Cir. 1980) ("All that is necessary is a reasonable awareness that the Government claims some interest adverse to the plaintiff's."). Given that plaintiff filed his complaint on March 25, 2020, his suit is time-barred if his right of action accrued prior to March 25, 2008. ECF No. 1; 28 U.S.C. § 2409a(g).

Plaintiff argues that his right of action accrued when defendant began denying him access to the road, and that this happened on April 2, 2008. ECF No. 1 at 1-2. In support, plaintiff attaches to his complaint a letter bearing that date. *Id.* at 61-62. In this letter, the Yuba River District Ranger writes that "[t]he bridge should have been constructed under the terms of the permit, prior to it[s] expiration on December 31, 2007," and it was thus "appropriate that the permit terminated." *Id.* at 61. This letter leaves little doubt of the government's adverse interest, since it states that plaintiff's permit, which had authorized certain uses of the land in question, had expired—but it was not the first word on the subject.

Defendant urges the court to look to a February 4, 2008 letter, which is referenced in the April 2 letter and which defendant attaches to its motion.[4] *Id.* at 61-62; ECF No. 10-1. In this

---

[4] This court may consider materials outside of the record. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (noting that a Rule 12(b)(1) motion to dismiss may include

3

1   letter, plaintiff's then-attorney, Michael Brady, explains that he is writing to address "a number of
2   inaccuracies" in a prior Forest Service letter. Over two pages, Brady discusses various issues
3   relating to the design and environmental review of the aforementioned bridge. "Lastly," he notes
4   in the penultimate paragraph, a prior Forest Service letter had made a "statement that the special
5   use permit expires on December 31, 2007"; Brady declares that statement "incorrect." Brady
6   states that per the SUP's terms it would not automatically expire if the permittee still needed the
7   road. He writes,

> The Permittee still needs the bridge and road for the same reasons
> it has always needed them, the property is landlocked in their
> absence. Thus, under the Alaska National Lands Act the Permittee
> is entitled to access. Though not required to do so under the
> special use permit, in 2006 the Permittee specifically requested
> renewal of the special use permit.

12  ECF No. 10-1 at 2.
13      In the court's view, this letter at least suggests that the Forest Service had informed
14  plaintiff that it was claiming an interest adverse to his own. Considered in isolation, however, the
15  letter leaves certain questions unresolved. Ultimately, there is no need to determine whether the
16  letter, standing alone, demonstrates the quantum of adversity necessary to trigger accrual of a
17  QTA right of action, since plaintiff's own submissions in prior litigation between the parties,
18  captured on this court's docket, resolve any relevant doubts.
19      In that prior litigation, in which plaintiff sought relief from alleged violations of the
20  Administrative Procedure Act, he attached a letter dated October 5, 2007 to his complaint.[5]

---

extra-pleading materials). Additionally, this letter is attached to plaintiff's complaint in *Grill v. Quinn*, No. 2:10-CV-0757-GEB-GGH (E.D. Cal. March 30, 2010), ECF No. 1 at 108-109, rendering an evidentiary hearing unnecessary.

[5] As with other exhibits attached to the complaint, this letter bears the case number of a previous case that plaintiff litigated, *Grill v. Quinn*, No. 2:10-CV-0757-GEB-GGH (E.D. Cal. March 30, 2010), and was attached to the complaint in that case. Although defendant does not submit or rely on this letter, the court can take judicial notice of its own records, the accuracy of which cannot reasonably be questioned. *See Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Considering the court's obligation to ensure its jurisdiction, I find that it is appropriate to take judicial notice *sua sponte* here. *See* Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

Complaint in *Grill v. Quinn*, No. 2:10-CV-0757-GEB-GGH (E.D. Cal. March 30, 2010), ECF No. 1 at 105-06. In that complaint's factual allegations, plaintiff referenced the letter as evidence that the Forest Service had improperly terminated his permit. *Id.* at 3-4.

This October 2007 letter, sent by the Yuba District Ranger, informs plaintiff that his bridge proposal did "not meet the environmental requirements" and that further environmental analysis would be required. *Id.* at 105. The letter then states that, since plaintiff's "permit expires December 31, 2007," the proposal would need to be revised based on updated environmental standards. *Id.* The letter notes that the Forest Service would not undertake additional required biological surveys "until an agreement has been reached" and funding provided by plaintiff. The letter concludes by asserting that plaintiff "may not cross the creek with machinery or vehicles until [he had] obtained a State of California Department of Fish and Game Stream Bed Alteration permit, and until [he had] written authorization from the Forest Service District Ranger." *Id.* at 106. In the prior litigation, the court identified this letter as the point at which plaintiff's permit effectively terminated. *Grill v. Quinn*, No. 2:10-CV-0757-GEB-GGH, 2013 WL 3146803, at *15 (E.D. Cal. June 18, 2013), *report and recommendation adopted*, No. 2:10-CV-0757 GEB GGH, 2013 WL 3992117 (E.D. Cal. Aug. 1, 2013), *aff'd*, 748 F. App'x 122 (9th Cir. 2019) ("Plaintiff's SUP was effectively terminated in October 2007, when he was informed that a new environmental assessment and species survey (at his expense) would have to be performed before any of the construction authorized by the SUP could commence.").

Taken together, the October 2007 and February 2008 letters establish that plaintiff was aware in advance of March 25, 2008 of an adverse claim by the Forest Service. At a minimum, plaintiff knew that the Forest Service had taken the position that the SUP was going to—and then, on December 31, 2007, did—expire, notwithstanding plaintiff's view that it should not. In the Forest Service's view, this expiration extinguished the authorization that the SUP had granted. Additionally, plaintiff knew of the Forest Service's position that, absent additional authorization, he could not use the right-of-way to cross the creek. Plaintiff was thus on notice prior to March 25, 2008 that defendant had made a claim adverse to his own.

Plaintiff raises various additional timeliness-related arguments, all of which lack merit.

He argues that the statute of limitations should be equitably tolled based on several allegations of governmental misconduct, but the QTA does not permit equitable tolling. ECF No. 17 at 5; *see United States v. Beggerly*, 524 U.S. 38, 48-49 (1998). He protests that defendant is inappropriately relying on "the exhaustion of administrative remedies and awareness doctrine," but this does not undermine defendant's statute-of-limitations argument. ECF No. 17 at 6. And he appears to argue that he relied on an expectation of success in the Forest Service's administrative appeals process, but this does not bear on when his right of action accrued. *Id.* at 5. Notably, as part of his argument that he expected appellate success, plaintiff states that his attorney "spent months communicating with Defendants in an attempt to correct the agency's wrongfulnes[s,] only to be told on April 2, 2008 that the termination decision would not be changed, was final"; this appears to support to the court's conclusion that he knew of the government's adverse interest—in his words, "the agency's wrongfulness"—before March 25, 2008. *See id.*

The statute of limitations expired prior to plaintiff's filing of his complaint, and defendant's motion to dismiss should be granted.[6]

### IV. Findings and Recommendations

I hereby recommend that defendant's motion to dismiss, ECF No. 13, be granted.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[6] The court need not address defendant's alternative claim that dismissal is warranted due to the complaint's purported lack of particularity.

IT IS SO ORDERED.

Dated:   September 3, 2021                                        
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE