Jeffrey W. McCoy (Cal. Bar 317377)
PACIFIC LEGAL FOUNDATION
1745 Shea Center Dr., Suite 400
Highlands Ranch, CO 80129
(916) 419-7111
jmccoy@pacificlegal.org

Damien M. Schiff (Cal. Bar 235101)
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
(916) 419-7111
dschiff@pacificlegal.org

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISTERS OF ST. PATRICK OF CALIFORNIA, LLC, and JAMES S. GRILL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 2:20-cv-641-TLN-JDP <br><br> **FIRST AMENDED COMPLAINT** |

### Introduction

1. Pursuant to this Court's March 23, 2026, Scheduling Order, Plaintiffs Sisters of St. Patrick of California, LLC and James S. Grill submit this First Amended Complaint to quiet title to an access easement across property owned by Defendant United States of America.

### Jurisdiction and Venue

2. This action is brought under the Quiet Title Act, 28 U.S.C. § 2409a. Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §§ 2409a(a), 1346(f) (waiving sovereign immunity and authorizing district court jurisdiction for Quiet Title Act actions).

First Amended Complaint                                    1

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B), because the lands at issue are in Nevada County, California.

**Parties**

4.    Plaintiff Sisters of St. Patrick of California, LLC is a Nevada Limited Liability Company and owner of real property in Nevada County, California, with addresses of 17011 Maybert Road, Nevada City, CA 95959 and 12771 Scotchman Falls, Nevada City, CA 95959, identified as Parcel Numbers 064-110-084 and 064-110-083, respectively, and described in Nevada County Recorder Document # 20100008273. These parcels (collectively "The Property") comprise the dominant estate that gives it the right to use an easement across Defendant's servient estate.

5.    Plaintiff James S. Grill is the sole member and manager of Plaintiff Sisters of St. Patrick of California, LLC and, as such, is authorized to use the easement at issue in this litigation.

6.    Defendant United States of America is owner of property within Nevada County, California, adjacent to Plaintiffs' properties, including Parcel Numbers 064-110-052 and 064-110-053.

**Statement of Facts**

7.    Plaintiff James S. Grill has owned the Property—either by himself or as the sole shareholder or sole member of a company—since 1990. The Property was transferred to Plaintiff Sisters of St. Patrick of California, LLC by Grant Deed on April 1, 2010.

8.    On or around 1992, Mr. Grill contacted the Forest Service stating that he had a right to access his property under the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 3210.

9.    The Forest Service responded that Mr. Grill would need to apply for a Special Use Permit that would include and define the location of an existing historic road that would serve as the right-of-way to access his property, and that the application for the Special Use Permit would need to include plans of for reconstruction of the road and plans to construct a bridge across Scotchman Creek.

///

First Amended Complaint                2

10. Mr. Grill subsequently applied to the National Forest Service for a Special Use Permit to rebuild and use the historic road across Forest Service land adjacent to the Property, to access the Property.

11. On November 27, 1995, then-Tahoe National Forest Supervisor John H. Skinner issued a Decision Notice and Finding of No Significant Impact granting Mr. Grill a Special Use Permit to build and use a road across Forest Service property. A copy of the Decision Notice (including the Environmental Assessment for the Special Use Application) is attached hereto as Exhibit (Ex.) A.

12. The Decision Notice followed scoping, public comment, and an Environmental Assessment that analyzed the impacts of the Special Use Permit. The Decision Notice noted that the Forest Service was issuing a Special Use Permit under a specific proposed alternative because the alternative "provides reasonable access to private property as required by the Alaska National Interest Lands Conservation Act (Section 1323 (a))[.]" Ex. A at 2.

13. The Environmental Assessment noted that Alternative C, the alternative selected by the National Forest Supervisor, "would follow an historic trail/roadbed that currently exists[.]" Ex. A at 15.

14. On November 17, 1998, then-Tahoe National Forest Supervisor Steven Eubanks issued the Special Use Permit to Mr. Grill. A copy of the Special Use Permit is attached hereto as Exhibit B.

15. The Special-Use Permit covered "a right-of-way 0.46 miles in length, 14 feet in width, containing approximately .78 acres" over "[a] portion of the E 1/2 SE 1/4 NW 1/4 Section 7, T.17N., R.10E., MDM." Ex. B at 1.

16. The Special Use Permit stated that the permit would expire on December 31, 2007, but "[a]t that time, if the permittee still needs the road for the puposes [sic] for which the permit is granted, the permit will be reissued for successive periods of 10 years." Ex. B at 4.

17. An April 2, 2008, letter from then-Yuba River District Ranger Jean Masquelier, implied that Mr. Grill may not be entitled to an easement and Special Use Permit to access his

///

property. *See Grill v. United States*, No. 21-17098, 2024 WL 5182631, at *1 (9th Cir. Dec. 20, 2024).

18. During a June 2015 oral argument at the United States Court of Federal Claims, government counsel stated that "what is being told to plaintiff [Mr. Grill] here is you have the right to access your property[.]" Transcript of Argument on Cross Motions for Summary Judgment at 143:24-144:1, *Grill*, 154 Fed. Cl. 802 (No. 13-747), ECF No. 46.

19. Mr. Grill, proceeding *pro se*, filed this litigation on March 25, 2020.

20. This Court dismissed Mr. Grill's complaint under Federal Rule of Civil Procedure 12(b)(1) as untimely based on the QTA's twelve-year statute of limitations.

21. The Ninth Circuit reversed and remanded the dismissal, holding that "[i]t was only after April 2008, and thus within twelve years of Grill's filing of his complaint, that the Forest Service claimed the exclusive right to deny Grill access to his land[.]" *Grill*, 2024 WL 5182631, at *1 (quotations and citations omitted).

22. Mr. Grill subsequently retained counsel to represent him in this matter.

23. Both Plaintiffs have the same identity of interests in the property at issue because Mr. Grill is the sole member and manager of Plaintiff Sisters of St. Patrick of California, LLC. *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982) ("[W]hen the original plaintiff and the substituted plaintiff have sufficient identity of interests, relation back of the amendment is not prejudicial to the defendant[.]).

24. The First Amended Complaint adds no additional allegations that were not present in Mr. Grill's original complaint.

25. The First Amended Complaint thus relates back to the original filing date for the purposes of the statute of limitations.

26. Regardless, the First Amended Complaint is filed within twelve years of the government counsel's statements at the June 2015 oral argument at the United States Court of Federal Claims that Mr. Grill has the right to access his property.

///

///

First Amended Complaint                    4

**Claim for Relief to Quiet Title to Plaintiffs' Real Property (28 U.S.C. § 2409a)**

27. The preceding allegations are incorporated herein by reference.

28. Through this action, Plaintiffs seeks to quiet title to Parcel Numbers 064-110-084 and 064-110-083 as the dominant estate to the servient estate owned by Defendant, specifically, that Plaintiffs have a right-of-way across Forest Service land, including Nevada County Parcel Numbers 064-110-052 and 064-110-053.

29. The position of Defendant, as expressed in April 2008 communications with Mr. Grill, is that Mr. Grill has no right-of-way across Forest Service land.

30. Plaintiff is entitled to an order from this Court quieting title and holding that Plaintiffs have a right-of-way to access the Property for the following reasons:

    a. The Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 3210 provides that the Secretary of Agriculture has a duty to provide Plaintiffs with legal and physical access to its private lands, which are located within the boundaries of the National Forest System so as to secure to the owner the reasonable use, and enjoyment thereof.

    b. The Act of July 26, 1866 (formerly known and codified at 43 U.S.C. § 932), Revised Statute 2477, provided that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Though Congress repealed R.S. 2477 by way of the Federal Land Policy Management Act (FLPMA), said (FLPMA) expressly preserved any rights of way that existed before the effective date of (FLPMA), i.e., October 21, 1976. As noted in the Forest Service's Environmental Assessment for the Special Use Permit, a road was previously constructed—and thus an R.S. 2477 right of way was accepted—across the Forest Service property.

    c. Easement by Necessity. Under California Law, "[a]n easement by way of necessity arises ... when it is established that (1) there is a strict necessity for the right-of-way, as when the claimant's property is landlocked and (2) the dominant and servient tenements were under the same ownership at the time of

First Amended Complaint         5

the conveyance giving rise to the necessity." *Kellogg v. Garcia*, 102 Cal. App. 4th 796, 799 (2002) (citation omitted). Defendant owned all the parcels at issue prior to patenting the Property to Plaintiffs' predecessors in interest.

<b>Prayer for Relief</b>

Wherefore, Plaintiffs seek the following relief:

1.    An order quieting title to Plaintiffs' Property and holding that Plaintiffs' have an easement across Defendant's Numbers 064-110-052 and 064-110-053 to access Plaintiffs' Parcels 064-110-084 and 064-110-083

2.    Attorneys' fees and costs incurred by Plaintiff to the extent permitted by law, including under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1); and

3.    An order granting such other and further relief as may be just and appropriate upon the facts and law at issue herein.

Dated: April 13, 2026.                    Respectfully submitted,

JEFFREY W. McCOY
DAMIEN M. SCHIFF

By: */s/ Jeffrey W. McCoy*
        JEFFREY W. McCOY

*Attorney for Plaintiffs*

First Amended Complaint                    6